IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,089-02






EX PARTE VICTOR GLENN HAMILTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10,886-A IN THE 21st DISTRICT COURT


FROM BURLESON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
delivery of a controlled substance and sentenced to twenty years' imprisonment in each count. 

 Applicant contends, inter alia, that he is being denied credit for time spent released on
mandatory supervision prior to revocation. Applicant has alleged facts that, if true, might entitle him
to relief. Ex parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing Applicant's sentence begin date and the dates of issuance of any
parole-revocation warrants leading to the revocation of such parole or mandatory supervision. The
affidavit should state whether Applicant is serving a sentence for, or has previously been convicted
of, an offense which was listed in Tex. Gov't Code § 508.149(a) at the time of Applicant's
revocation. The affidavit should also address how much time was remaining on this sentence on the
date that Applicant was released on [parole/ mandatory supervision], and how much time Applicant
spent on release before the issuance of the parole-revocation warrant. The affidavit should state
whether or not Applicant is receiving credit for any of the time spent on mandatory supervision. 
Finally, the affidavit should indicate whether or not Applicant has submitted his claim to the time
credit resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
has properly exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant is eligible to
earn street time credit, and if so, whether he is entitled to credit for his time spent on release. The
trial court shall also make findings and conclusions as to whether Applicant is receiving the proper
amount of time credit for that time. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: May 15, 2013

Do not publish